UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **ROBERT P. BURKE,** <br> **YONGCHUL CHARLIE KIM,** and <br> **MEGHAN MESSENGER** <br><br> Defendants. | Case No. 1:24-cr-00265 (TNM) |

## MEMORANDUM ORDER

Before the Court are two interrelated motions. First, a Motion to Strike Prejudicial Surplusage by Defendants Yongchul "Charlie" Kim and Meghan Messenger, ECF No. 60 ("Motion to Strike"). And second, a Motion to Dismiss and Motion to Strike Prejudicial Surplusage by Defendant Robert P. Burke, ECF No. 71 ("Motion to Dismiss"). The Court denies both. The challenged language in the indictment is not surplusage but is relevant to the charged conduct. So it need not be stricken. More, the indictment sufficiently states the charged offenses. Thus none of the charges should be dismissed.

### I.

Briefly, the present criminal proceedings rest on the following factual background. The Defendants have been charged with various crimes related to an alleged bribery scheme. Burke faces one count of Conspiracy, in violation of 18 U.S.C. § 371; one count of Bribery, in violation of 18 U.S.C § 201(b)(2); one count of Acts Affecting a Personal Financial Interest, in violation of 18 U.S.C. § 208(a); and one count of Concealment of Material Facts, in violation of 18 U.S.C. § 1001(a)(1). Kim and Messenger are charged with one count each of Conspiracy and Bribery. The charges center on allegations that Burke conspired with Kim and Messenger to engage in an

unlawful quid pro quo. Burke allegedly used his position as an Admiral in the U.S. Navy to direct a government contract to Kim and Messenger's company, Company A, and influence senior Navy Officers to award another contract to Company A. *See* Indictment, ECF No. 1, ¶¶ 22–25, 35. In return, Burke allegedly received an offer of future employment and stock options at Company A upon his retirement from the Navy. *Id.* Because Burke joins and incorporates Kim and Messenger's Motion to Strike in his Motion to Dismiss, the Court considers both motions together.

## II.

Under Federal Rule of Criminal Procedure 7(d), a court may strike surplusage from an indictment upon a defendant's motion. Fed. R. Crim. P. 7(d). But "[t]he scope of a district court's discretion to strike material from an indictment is narrow." *United States v. Oakar*, 111 F.3d 146, 157 (D.C. Cir. 1997). A motion to strike surplusage "should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *United States v. Rezaq*, 134 F.3d 1121, 1134 (D.C. Cir. 1998). "The standard under Rule 7(d) has been strictly construed against striking surplusage." *United States v. Jordan*, 626 F.2d 928, 930 n.1 (D.C. Cir. 1980). And "only rarely has surplusage been ordered stricken." *United States v. Watt*, 911 F. Supp. 538, 554 (D.D.C. 1995) (quoting Charles A. Wright, *Federal Practice and Procedures: Criminal* § 127, at 426 (2d ed. 1982)).

Federal Rule of Criminal Procedure 12 permits a defendant to challenge the validity of an indictment before trial. *See* Fed. R. Crim. Pro. 12(b)(3)(B). When deciding the sufficiency of the charges in an indictment, "the indictment must be viewed as a whole and the allegations must be accepted as true at this stage of the proceedings." *United States v. Bowdoin*, 770 F. Supp. 2d 142, 145 (D.D.C. 2011). The overarching question is whether these allegations, if proven, could

allow a jury to conclude that the crimes charged were committed. *United States v. Payne*, 382 F. Supp. 3d 71, 74 (D.D.C. 2019).

### III.

Start with the Motion to Strike. The Defendants seek to strike Paragraph 45 from the Indictment, which reads as follows:

> 45. BURKE remained in the Navy and promoted Company A to senior Navy officers–while suggesting another contract for Company A to train a larger portion of the Navy–without disclosing his prior employment offer from KIM and MESSENGER. For example:
>
> > a. On March 12, 2022, BURKE emailed a Foreign Military Officer asking him/her to report back about the Foreign Military's efforts to contract with Company A because such information would advance Company A's efforts to market Company A to a wider U.S. Navy audience.
> >
> > b. On March 14, 2022, BURKE sent an email introducing KIM and MESSENGER to Person 4, a four-star Navy Admiral who oversaw training programs for Navy recruits' "pipeline schools." BURKE promoted Company A's training program to Person 4.
> >
> > c. On March 28, 2022, BURKE forwarded an email to Person 4 that contained a proposal for Company A to provide training to the Foreign Military. BURKE commented that the Foreign Military's proposal had "sort of the same components I would see us using."
> >
> > d. On May 25, 2022, BURKE emailed a Senior Foreign Military Official, stating, "I wanted to write you a short note on [Company A]–something I know the [Foreign Military] is exploring." BURKE promoted Company A's training, said that he had "put together a proposal for wider US Navy implementation," and added, "my team is standing by as your local US Navy team to help in any way as the [Foreign Military] considers a similar path."

Indictment ¶ 45.

Defendants argue that this language is surplusage because it cannot constitute an "official act" for purposes of the federal bribery laws. Mot. Strike at 4–5 (citing *McDonnell v. United States*, 579 U.S. 550, 574 (2016)). According to the Defendants, because the conduct described in paragraph 45 cannot support a bribery conviction, it is "irrelevant and confusing" surplusage and must be stricken. Mot. Strike at 8.

Not so. Paragraph 45 is not incorporated into the bribery charge. Indictment at ¶ 48. So whether it describes "official acts" is neither here nor there. Instead, paragraph 45 is used to support the Conspiracy, Acts Affecting a Personal Interest, and Concealment of Material Facts charges. Indictment ¶¶ 45, 52, 54. And the allegations contained there are relevant to proving these crimes.

The conspiracy count charges the Defendants with agreeing that Burke would use his position in the Navy to direct a contract to Company A as well as delay his retirement for six months so he could "influence other senior Navy officers to award another contract for Company A." Indictment ¶¶ 24–25. Paragraph 45 details how Burke carried out these obligations by advocating on behalf of Kim, Messenger, and Company A to various military personnel. Thus this evidence goes directly to the conspiracy charge.

The same applies to the conflict of interest and concealment charges. To show that Burke engaged in acts constituting a conflict of interest, the Government must prove that he was an executive branch employee who participated in a specific matter in which he knew he has a financial interest. 18 U.S.C. § 208(a). Paragraph 45 bolsters this charge by showing Burke was using his position to promote Company A to others in the military with knowledge that he had a job offer at that company. As for the concealment allegation, the Government must prove that Burke knowingly and willfully concealed a material fact within the jurisdiction of a federal

4

agency with the intent to mislead or deceive. 18 U.S.C. § 1001(a)(1). Paragraph 45 speaks to this charge by specifically alleging that Burke promoted Company A "without disclosing his prior employment offer from KIM and MESSENGER." Indictment ¶ 45.

In short, then, Defendants have not met their burden to show that Paragraph 45 is irrelevant to the charges. So it is not surplusage, and it should not be stricken.

Consider now Burke's Motion to Dismiss. Burke first contends that the bribery charge must be dismissed because Burke legally lacked the authority to award the contract to Company A that is at the center of this dispute. Mot. Dismiss at 3–7. But whichever way you twist this argument, it fails. Insofar as Burke alleges that the charge must be dismissed because Burke did not engage in "official action," this accusation falters. Sure, the Government ultimately must prove that the bribery scheme consummated in an agreement to perform an "official act," which is a "decision or action on any question, matter, cause, suit, proceeding or controversy." *McDonnell*, 579 U.S. at 574 (cleaned up). And true, only those decisions or actions by public officials on "specific" matters "involv[ing] a formal exercise of governmental power that is similar in nature to a lawsuit before a court, a determination before an agency, or a hearing before a committee" can constitute official acts. *Id.* But "[i]t is up to the jury, under the facts of the case, to determine whether the public official agreed to perform an 'official act' at the time of the alleged *quid pro quo*." *Id.* at 572–73. Thus unless caselaw squarely holds that a certain action is not an "official act," conduct plausibly falling within the *McDonnell* definition supports an indictment for bribery.

The indictment alleges that Burke "agreed to and did use his official position, authority, and influence at the Navy to help Company A obtain a contract from U.S. Naval Europe and Africa." Indictment ¶ 24. A jury could find that the Company A contract decision was a

5

concrete, pending matter before the Navy that involved a formal exercise of governmental authority. *McDonnell*, 579 U.S. at 574.

More, Burke's claim that his lack of final decisionmaking authority over contracting renders the bribery charge nugatory conflicts with a weighty body of precedent. The Supreme Court has recognized that exerting improper influence to pressure a different government decisionmaker to act can sometimes constitute "official action." *Id.* at 573 ("A jury could conclude, for example, that the official was attempting to pressure or advise another official on a pending matter. And if the official agreed to exert that pressure or give that advice in exchange for a thing of value, that would be illegal."). In line with this principle, courts have widely recognized that a public official need not possess binding authority for the act to undergird a bribery charge. *See, e.g.*, *Wilson v. United States*, 230 F.2d 521, 524–26 (4th Cir. 1956) (collecting cases). So Burke's challenges to the bribery charge fall flat.

As do his objections to the remaining counts. Burke offers vague accusations that the indictment "fails to allege any specific facts" supporting the charges. *See* Mot. Dismiss 3–5. To the contrary, the indictment properly alleges each element of the conspiracy, conflict of interest, and concealment statutes. *See* Indictment ¶¶ 19–47, 52–53, 54–55. If all the allegations were true, a jury would be justified in convicting Burke of all three crimes. His Motion to Dismiss is meritless.

### IV.

In sum, Paragraph 45 of the indictment is not surplusage. And none of the charges in the indictment should be dismissed. It is therefore

**ORDERED** that Defendants' [60] Motion to Strike is **DENIED**; and it is further

**ORDERED** that Defendant Burke's [71] Motion to Dismiss is **DENIED.**

**SO ORDERED**.

Dated: April 3, 2025

TREVOR N. McFADDEN, U.S.D.J.