# Exhibit A



U.S. Department of Justice

Edward R. Martin
United States Attorney

*District of Columbia*

---

*Patrick Henry Building*
*601 D Street, N.W.*
*Washington DC, 20004*

**BY EMAIL**

**April 25, 2025**

Avi Perry
Counsel for Defendant Kim
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, DC 20005

Rocco F. D'Agostino
Counsel for Defendant Messenger
ROCCO F. D'AGOSTINO, ESQ.
445 Hamilton Avenue, Suite 605
White Plains, NY 10601

  Re: *United States v. Kim and Messenger*

Dear Counsel:

  Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), we are providing notice of the following expert witness that the government may call to testify in this matter: Emily Sleeth, Digital Forensic Examiner for the Federal Bureau of Investigation ("FBI").

  It is the government's position that if a law enforcement witness simply testifies to what files he or she found on a digital device or account, his or her testimony is not expert testimony. *See United States v. Berry*, 318 Fed. Appx. 569, 570 (9th Cir. 2009) (agent's testimony was not expert testimony because the agent "simply testified to what he found on the [defendant's] hard drive…, without expressing an opinion that required specialized knowledge or offering insight beyond common understanding") (citing Fed. R. Evid. 702). Much of the anticipated testimony we lay out in Attachment A falls into this category, and thus we believe expert notice is not required. To be clear, while the government does not concede that all of these subject matters detailed in Attachment A are expert testimony under the Federal Rules of Criminal Procedure, and reserves the right to argue to the contrary, the government nonetheless provides this notice to allow

you to prepare for any cross-examination you may have for Examiner Sleeth out of an abundance of caution.

Attached to this letter are descriptions of the qualifications and anticipated testimony of Examiner Sleeth. Specifically, Attachment A is a description of Examiner Sleeth's anticipated testimony. Attachment B is Examiner Sleeth's curriculum vitae.

The government reserves the right to: (1) supplement this notice with additional expert testimony; (2) provide you with any future expert reports prepared; and (3) provide you with any supplemental information.

Accordingly, this letter, and the incorporated attachments, constitute the government's expert notice disclosure, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), of witnesses who may be called as experts during trial in this matter to testify regarding the topics listed in the attached.

Pursuant to Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure, the government requests immediate reciprocal disclosure from the defense of any evidence that the defendants intend to introduce at trial under Rules 702, 703, and/or 705 of the Federal Rules of Evidence.

    Sincerely,

    Edward R. Martin
    United States Attorney

By:    */s/ Brian P. Kelly*
    Brian P. Kelly
    Rebecca G. Ross
    Assistant United States Attorneys
    601 D Street NW
    Washington, DC 20530

    Trevor Wilmot
    Kathryn E. Fifield
    Trial Attorneys
    1301 New York Avenue NW
    Washington, DC 20530

## ATTACHMENT A

### I. FBI Digital Forensic Examiner (DFE) Emily Sleeth

DFE Sleeth has been with the Federal Bureau of Investigation ("FBI") for over five years and has served as a digital forensic examiner for over three years. Her expert qualifications are further detailed in her curriculum vitae, which is attached as Attachment B.

The government seized evidence in the form of photographs, videos, and messages extracted from the digital devices of the co-defendants, Robert Burke, Yongchul "Charlie" Kim, and Meghan Messenger. That electronic evidence seized from digital devices will be admissible through lay/fact witness testimony by FBI special agents or DFE Sleeth who extracted, located, and/or reviewed this evidence. [1]

The government may qualify DFE Sleeth as an expert in the field of digital forensic analysis and have DFE Sleeth offer some background testimony about how data is extracted, processed, and analyzed from digital devices, and then to offer testimony about conclusions she drew about a limited subset of the electronic evidence in this case.

Specifically, DFE Sleeth's testimony will be about digital evidence collected from the following three devices:

| Item Identifier | Registered Owner Name | Description |
|---|---|---|
| 1B7 | Robert Burke<br><br>Hereafter referred to as "Burke's device". | One (1) iPhone 13 [iPhone14,5 D17AP] running iOS 16.6 with S/N: GH1XLMWGG9; IMEI: 350183986589042; MSISDN: 15615281355; and UUID: 00008110-001C15361A6B801E. |
| 1B6 | Charlie Kim<br><br>Hereafter referred to as "Kim's device". | One (1) iPhone 12 mini [iPhone13,1 D52gAP] running iOS 16.3.1 with S/N: F71DQ0BA0GRW; IMEI: 353005117207409; MSIDN: 16466237000, and UUID: 00008101-001369CA0E51003A |
| 1B5 | Meghan Messenger<br><br>Hereafter referred to as "Messenger's device". | One (1) iPhone 12 mini [iPhone13,1 D52gAP] running iOS 16.6 with S/N: C7CDVD3E0GR9; IMEI: 353006116799545; MSIDN: 19179213766, and UUID: 00008101-000E09823644001E |

---

[1] Law enforcement witness is not expert testimony if it is simply about what files he or she found on a digital device or account. *See United States v. Berry*, 318 Fed. Appx. 569, 570 (9th Cir. 2009) (agent's testimony was not expert testimony because the agent "simply testified to what he found on the [defendant's] hard drive…, without expressing an opinion that required specialized knowledge or offering insight beyond common understanding") (citing Fed. R. Evid. 702). Please let us know immediately if you disagree with this position so that we can raise this issue with the Court well in advance of trial.

1

II. **General Topics**

    a. DFE Sleeth will provide a basic overview of how data is extracted from cellular telephones and similar digital devices and then processed and examined, including certain specific steps that need to be taken to extract data from certain messaging platforms, including WhatsApp, from certain devices.

    b. DFE Sleeth will provide testimony about what the WhatsApp application is, how it works, and its messaging and calling features. DFE Sleeth will testify that WhatsApp is an end-to-end encrypted communications application, available for use on mobile devices and computers. DFE Sleeth will explain that end-to-end encryption is a method of secure communication that prevents third parties from accessing data while it is transferred from one end system or device to another. In end-to-end encryption, the data is encrypted on the sender's system or device, and only the intended recipient can decrypt it. As it travels to its destination, it decreases the likelihood that the message can be read or tampered with by an internet service provider ("ISP"), application service provider, hacker, or any other entity or service. DFE Sleeth will explain that this technology makes it harder for providers to share user information from their services with law enforcement authorities.

    c. DFE Sleeth will explain that, by convention, many cellular telephone service providers, cellular telephone manufacturers, and social media and e-mail providers save their records and data using a twenty-four-hour clock similar to "military" time and based on the 0° longitude meridian, also known as the "Greenwich meridian." Universal Coordinated Time ("UTC" or "UTC+0") refers to the time on that zero or Greenwich meridian. To convert UTC+0 time into local time here in the United States, one needs to subtract a certain number of hours from UTC depending on how many time zones away one is from Greenwich, England. DFE Sleeth will explain that for the period of November 2020 through January 2021, Eastern Standard Time was five hours behind UTC+0 and referred to as UTC-5; Central Standard Time was six hours behind and referred to as UTC-6; Mountain Standard Time was seven hours behind and referred to as UTC-7; and Pacific Standard Time was eight hours behind and referred to as UTC-8.

    d. DFE Sleeth will offer some background testimony on how, generally, a forensic examiner can determine if and when data was deleted from a device or account.

III. **Forensic Imaging/Data Extraction for the Relevant Devices and Online Accounts:**

    a. DFE Sleeth will testify about, among other things, the forensic images and/or data extractions that she (or other law enforcement personnel) created of the electronic devices described above; methods used to confirm that the images and/or extractions were reliable copies of the original devices (for example by comparing hash values, where appropriate); the extractions of data from and

searches of those images; and the tools and techniques used. For example, we anticipate she will testify that she and her colleagues used, among other tools, Cellebrite Physical Analyzer and GrayKey. She will also testify about the difference between different types of extractions and the ability to recover and identify deleted files.

    b. DFE Sleeth will also explain the extraction reports that were generated for the cellphone extractions.

### IV. Analysis and Verification of Data from the Relevant Devices

    a. DFE Sleeth will also testify about how she processed the data extractions that she (or others law enforcement personnel) created, and then created a final report based on identified specific files that had been recovered from the various devices observed by other law enforcement personnel. This will include specific files other law enforcement personnel observed on these devices such as e-mail messages, e-mail and e-mail headers, text messages (to include iMessages and WhatsApp), voice messages, photographs, videos, and phone logs. She will also testify about the tools and techniques she used. For example, we anticipate that, for the cell phone extractions and analyses, she will testify that her colleagues and she used, among other tools, Cellebrite Physical Analyzer and GrayKey hardware/software.

    b. DFE Sleeth will testify to what iMessage retention settings are and what those iMessage retention setting were on the devices. DFE Sleeth will also testify to the presence of iMessages and group messages on the devices, in addition to contacts and call records present on the devices. DFE Sleeth will also testify to the presence of WhatsApp messages, WhatsApp group messages, WhatsApp contacts, and WhatsApp call records on the devices.

### V. Burke's Device

    a. DFE Sleeth will testify about iMessage retention settings on Burke's device.

    b. DFE Sleeth will testify that there was a contact named "Charlie Kim" saved to Burke's device with the phone number "646-623-7000" and the email address "ckim@nextjump.com." DFE Sleeth will further testify about the interactions found on Burke's device with that saved contact.

    c. DFE Sleeth will testify that Burke's device contained WhatsApp user ID "15615281355@s.whatsapp.net" and the name "Robert Burke".

    d. DFE Sleeth will testify that there was a WhatsApp contact named "Kim Charlie" on Burke's device with WhatsApp ID "16466237000@s.whatsapp.net". DFE Sleeth with further testify about the interactions found on Burke's device with that contact name and WhatsApp ID.

3

VI. **Kim's Device**

    a. DFE Sleeth will testify about iMessage retention settings on Kim's device.

    b. DFE Sleeth will testify that there was a contact named "Robert Burke Burke" saved to Kim's device with the following phone numbers: "17036042748", "15615281355", "393358257933", "393483195237", "15715982797". DFE Sleeth will further testify that the contact information for "Robert Burke Burke" also had the following email addresses: "Robert.P.Burke@navy.mil"; "burkerobertp@gmail.com"; and "Robert.P.Burke@eu.navy.mil". DFE Sleeth will further testify about the interactions found on Kim's device with that saved contact.

    c. DFE Sleeth will testify that there was a contact named "Meghan Messenger" saved to Kim's device with the following phone numbers: "2126857101 x913"; "2016837406"; and "9179213766" and the email address "mmessenger@nextjump.com". DFE Sleeth will further testify about the interactions found on Kim's device with that saved contact.

    d. DFE Sleeth will testify that Kim's device contained WhatsApp user ID "16466237000@s.whatsapp.net" and the name "Charlie Kim".

    e. DFE Sleeth will testify that there was a WhatsApp contact named "Robert Burke Burke" with the following WhatsApp IDs: "393358257933@s.whatsapp.net", "393483195237@s.whatsapp.net"; "17036042748@s.whatsapp.net"; "15715982797@s.whatsapp.net"; and "15615281355@s.whatsapp.net". DFE Sleeth with further testify about the interactions found on Kim's device with that contact name and those WhatsApp IDs.

    f. DFE Sleeth will testify that there was a WhatsApp contact named "Meghan Messenger" with the following WhatsApp IDs: "12126857101913@s.whatsapp.net"; "12016837406@s.whatsapp.net"; and "19179213766@s.whatsapp.net". DFE Sleeth with further testify about the interactions found on Kim's device with that contact name and those WhatsApp IDs.

VII. **Messenger's Device**

    a. DFE Sleeth will testify about iMessage retention settings on Messenger's device.

    b. DFE Sleeth will testify that there was a contact named "Bob Burke" saved to Messenger's device with the phone number "17036042748." DFE Sleeth will further testify that the contact information for "Bob Burke" also had the following email addresses: "Robert.P.Burke@navy.mil" and "burkerobertp@gmail.com". DFE Sleeth will further testify about the interactions found on Messenger's device with that saved contact.

4

c. DFE Sleeth will testify that there was a contact named "Charlie Kim" saved to Messenger's device with the phone number "16466237000" and email address "ckim@nextjump.com". DFE Sleeth will further testify about the interactions found on Messenger's device with that saved contact.

d. DFE Sleeth will testify that Messenger's device contained WhatsApp user ID "19179213766@s.whatsapp.net" and the name "Meghan Messenger".

e. DFE Sleeth will testify that there was a WhatsApp contact named "Bob Burke" with the WhatsApp ID "17036042748@s.whatsapp.net". DFE Sleeth will further testify about the interactions found on Messenger's device with that contact name and those WhatsApp IDs.

f. DFE Sleeth will testify that there was a WhatsApp contact named "Charlie Kim" with the WhatsApp ID "16466237000@s.whatsapp.net". DFE Sleeth will further testify about the interactions found on Messenger's device with that that contact name and those WhatsApp IDs.

## VIII. Bases and Reasons in Support of Testimony

a. The bases and reasons for DFE Sleeth's anticipated testimony is her training and experience, education, and review of the facts and evidence provided in discovery in this case, including, but not limited to:
   i. Law enforcement reports produced in this case;
   ii. Forensic reports produced in this case;
   iii. Data extractions of electronic devices.

**I had read and approve of the above statement:**

*Emily Sleeth* (signature)

**Emily Sleeth**
**Federal Bureau of Investigation, Digital Forensic Examiner**

# CURRICULUM VITAE



## *Emily Sleeth*

Federal Bureau of Investigation
Washington Field Office
Computer Analysis Response Team
Northern Virginia Resident Agency
9325 Discovery Boulevard
Manassas, Virginia  20109
Phone: 703-686-6886

## PROFESSIONAL EXPERIENCE

| | |
|---|---|
| Aug 2021 - Present | **Digital Forensic Examiner**<br>Federal Bureau of Investigation<br>Computer Analysis Response Team (CART)<br>Manassas, Virginia<br><br>Conduct forensic examinations of digital evidence as dictated by a documented quality assurance program and in adherence to standard operating procedures; participate in search and seizure operations; testify in Federal court regarding forensic examinations of digital evidence. |
| Jun 2020 – Aug 2021 | **Electronics Engineer**<br>FBI - Operational Technology Division<br>Electronics Technician Operation and Development Unit<br>Intrusion Detection Group<br>Quantico, VA<br><br>Worked alongside a team to ensure the integrity of intrusion detection systems was maintained. |
| Jun 2019 – Jun 2020 | **Student Workforce Trainee**<br>FBI Honors Internship<br>Operational Technology Division<br>Quantico, VA<br><br>Worked alongside a team to ensure the integrity of intrusion detection systems was maintained. Responsible for the complete setup of servers and workstations to meet the needs for each field office. |
| Jan 2018 – April 2018 | **Student Trainee**<br>Central Intelligence Agency<br>Langley, VA<br><br>Performed remote troubleshooting, installation, and configuration of servers. Created Python scripts to produce system metrics. |

## EDUCATION

| | |
|---|---|
| Aug 2015 – May 2020 | **Ohio University**<br>Athens, OH<br><br>Bachelor of Science<br>Major in Electrical Engineering with a Computer Engineering Track (135 Credit Hours) |

**Emily Sleeth**
**Page 2 of 2**

## FORENSIC EXAMINATION EXPERIENCE

Conducted 23 forensic examinations of approximately 74 pieces of digital media and participated in the execution of approximately 17 search and seizure operations since August 2021.

## PROFESSIONAL TRAINING

| | |
|---|---|
| July 2023 | Digital Forensic Examiner Certification |
| Feb 2023 | CompTIA A+ Certification |
| Sept 2022 | FBI CART MAC Imaging Authorization |
| Feb 2022 | FBI CART Mobile Device Authorization |
| Dec 2021 | FBI CART Windows Authorization |
| Nov 2021 | FBI CART DEL-Tech Certification |
| Oct 2021 | FBI CART TECH Certification |

## PROFESSIONAL CERTIFICATIONS

| | |
|---|---|
| Apr 2024 | FBI Enhancing Your Forensic Skills |
| Jun 2023 | FBI Moot Court |
| Mar 2023 | FBI CART Digital Forensic Investigations |
| Mar 2023 | FBI CART Verbal Communication Skills Course |
| Mar 2023 | FBI CART Forensic Fundamentals |
| Aug 2022 | FBI CART Case Management and Analysis |
| Aug 2022 | FBI CART Digital Video Retrieval Training (DIVRT) |
| Aug 2022 | FBI CART Digital Forensics Field Operations |
| Jan 2022 | FBI CART SQLite Forensics/Vehicle Forensics |
| Jan 2022 | FBI CART Mobile Device Forensics |
| Jan 2022 | FBI CART Intro to Mobile Devices |
| Dec 2021 | FBI CART Intermediate OS/Web Artifacts |
| Dec 2021 | FBI CART Basic Tools |
| Dec 2021 | FBI CART Introduction to macOS Forensics |
| Nov 2021 | FBI CART DFE - File Systems Fundamentals |
| Nov 2021 | FBI CART DFE - Quality Report Writing |
| Nov 2021 | FBI CART DExT |
| Oct 2021 | FBI CART Technician |

## RECOGNITION & AWARDS

| | |
|---|---|
| Aug 2024 | Employee Performance Award - FBI |
| Sept 2024 | Public Service Award - United States Attorney's Office, Eastern District of Virginia |