UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 24-cr-265 (2)(3) (TNM) |
| : | |
| YONGCHUL "CHARLIE" KIM and : | |
| MEGHAN MESSENGER, : | |
| : | |
| Defendants. : | |

**UNITED STATES' REPLY IN SUPPORT OF ITS MOTION *IN LIMINE*
TO EXCLUDE CERTAIN EVIDENCE AND ARGUMENT**

First, there is no reason for the Court to delay issuing a pretrial ruling prohibiting Kim and Messenger from presenting impermissible evidence and argument at trial. Despite characterizing the government's Motion *In Limine*, ECF No. 177, seeking a pretrial order consistent with the one already entered in the Burke trial as "moot or premature[,]" ECF No. 195 at 1, Kim and Messenger's Opposition identifies no legitimate benefit from delaying issuing a pretrial ruling.

Second, they have identified no legal precedent or authority supporting their position that the bribery statute includes two separate and distinct *mens rea* requirements. For reasons previously explained in the government's Motion *In Limine*, and discussed further below, Kim and Messenger's arguments are unfounded and the government' Motion should be granted.

I.  **THE COURT SHOULD ENTER A PRETRIAL RULING TO PROHIBIT THE INTRODUCTION OF INADMISSIBLE EVIDENCE AND IMPERMISSIBLE ARGUMENT.**

Given that Kim and Messenger's "counsel know the Federal Rules of Evidence and intend to follow them[,]" ECF No. 195 at 1, there should be no issue with the Court ruling that certain categories of clearly-inadmissible evidence and argument are precluded. Indeed, for the reasons already addressed in the Burke trial and explained in the government's Motion *In Limine*, ECF No. 177 at 2-9, the Court should take Kim and Messenger up on their suggestion to "enter an order that

is consistent with the order that the Court issued in the trial of Adm. Burke," ECF No. 195 at 1. For example, the Court should make it clear to the defendants that, to the extent *any* character evidence is allowed to be admitted, such "evidence must be limited to general reputation or opinion evidence about a pertinent character trait[,]" they "may not introduce evidence of specific instances of good character[,]" "[a]ny background evidence should be short and to the point[,]" and they "should not abuse [any] latitude" they are afforded "to give the jury a sketch of" themselves. *See* Transcript of Pretrial Conference at 87:19-23, 88:1-6, *United States v. Burke*, 1:24-cr-00265-TNM (Apr. 10, 2025).

## II. THE BRIBERY STATUTE DOES NOT INCLUDE TWO SEPARATE AND DISTINCT *MENS REA* REQUIREMENTS.

Kim and Messenger fail to identify a single case or other authority that stands for the proposition that even though a defendant sought to enter into a *quid pro quo* with a public official by giving, offering, or promising a thing of value *intending* to influence an official act, because the defendant somehow did not believe, know, or appreciate that bribing a public official is "wrong[] or improper," ECF No. 195 at 8, it is a defense to 18 U.S.C. § 201(b)(1) bribery.[1] None of the cases or other legal authorities cited in the Opposition impose two separate and distinct *mens rea* requirements—nor do they cite a single Circuit that has mandated their additional element. The law only requires the jury to determine whether Kim and Messenger intended to influence Burke in the performance of an official act when they offered him a job. There is no requirement that the government also prove that, intending to so influence Burke, they also knew that intending

---

[1] Kim and Messenger's inability to find a single case imposing a second, separate and distinct, heightened *mens rea* requirement in this context is even more pronounced in light of the numerous cases cited in the government's Motion *In Limine* demonstrating that a bribe payor's offer of a *quid pro quo*—an intent to exchange a thing of value for an official act—is inherently corrupt, and that there is no additional mental state to bribery in addition to the specific intent to enter the *quid pro quo*. *See* ECF No. 177 at 11-13.

2

to influence a government official in the performance of an official act in such a manner was wrong.

The authorities on which Kim and Messenger rely, as well as a plain reading of the statute, do not support their position. Bereft of court rulings supporting the imposition of their additional element, or courts giving a jury instruction of the type they seek, defendants instead purport to rely on the "Justice Manual's" discussion of "intent" under § 201(b). ECF No. 195 at 5-6. But there is no discussion of the *mens rea* for bribery in the Justice Manual. *See* Justice Manual § 9-85.101 Bribery of Public Officials (updated Jan. 2020), available at https://www.justice.gov/jm/jm-9-85000-protection-government-integrity#9-85.101). Instead, defendants hang their argument on the Department's Criminal Resource Manual (§ 2044)—which is no longer included in the Justice Manual section cited above, and exists only as an "archived" document. To boot, defendants provide the Court with only half of the relevant passage.[2] Moreover, nothing in this practice

---

[2] As a practice manual, the full passage in the archived Criminal Resource Manual is written informally, making clear its discussion is not intended as the Department's authoritative interpretation of the statute (even if Justice officials held such authority):

> Under section 201(b), the offender must have acted "corruptly." This is, properly speaking, the intent element of the offense. The word "corruptly" simply means "with a bad or evil purpose." It is also frequently defined to mean the same thing as "willfully," and thus to connote "specific intent." *See*, *e.g.*, 1 Devitt & Blackmar, Federal Jury Practice and Instructions, §§ 14.03, 14.06, 34.08. A number of cases speak of section 201(b) as a specific intent crime; however, this reference is sometimes not to "intent" in the strict sense of criminal intent or mens rea, but to the purpose or reason for the act - namely, intent to influence or be influenced. The statute is a little confusing in this respect, since it does speak of the briber-giver acting "with intent to influence." That phrase refers, however, to what the briber expects to accomplish, not to his level of "criminal intent." Accordingly, take care to specify this clearly when communicating with a court about "intent" in bribery/gratuity cases.

*See id.* at Section 2044, available at https://www.justice.gov/archives/jm/criminal-resource-manual-2044-particular-elements. As the now-superseded-U.S. Attorney's Manual (replaced by the Justice Manual), of which the Criminal Resource Manual is one subpart notes, "[t]he Manual provides only internal Department of Justice guidance. It is not intended to, does not, and may not

manual quote purports to create two separate *mens rea* requirements. Indeed, this version of the Criminal Resource Manual expressly refers to "corruptly" as "*the* intent element of the offense[,]" not "one of the intent elements." And in any event, this practice manual is an internal document of the Department of Justice that has no legal authority or other precedential effect.

Kim and Messenger's repeated references to § 201(c)'s prohibition on illegal gratuities also merely further support the government's position that § 201(b)'s references to "corruptly" and the *mens rea* requirement of "intent" are inextricably intertwined. The critical difference is that § 201(c) does not include a requirement that the thing of value be given or accepted with intent that it influence a particular official act, whereas § 201(b) does require an "intended" direct link between the thing of value and the act—*i.e.*, the "corrupt" exchange.

As to the lynchpin of Kim and Messenger's argument that "corruptly" and "intent" refer to two completely separate and distinct *mens rea* requirements—their reliance on *Snyder v. United States*, 603 U.S. 1 (2024)—the government will not rehash all of the reasons it has previously presented for why the defendants' reliance on *Synder* is misguided. *See* ECF No. 129 *generally* (the government's reply on this jury instruction in the Burke trial), ECF No. 177 at 9-16 (the government's instant Motion *In Limine*). Instead, we will simply reiterate that *Synder* examined corruption in the context of § 666 gratuities, not § 201(b) bribery; did not purport to modify, distinguish, or break from the robust precedent concerning § 201; and thus the cherry-picked two sentences of *dicta* did not intend to rewrite the elements of an offense. *Snyder* does not do the work Kim and Messenger attribute to it. Notwithstanding *Snyder* and other authorities cited by the defendants, they are asking this Court to do what apparently has never been done before—

---

be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal." *See* USAM § 1-1.100 (Purpose), available at https://www.justice.gov/archives/usam/archives/usam-1-1000-introduction.

expressly read a second, heightened requirement of "consciousness of wrongdoing" into § 201(b). Had any court ever done so before, Kim and Messenger would undoubtedly have included it in their Opposition. That they could not speaks volumes. This Court should decline the defendants' invitation to be the first court to impose a second heightened *mens rea* requirement in § 201(b). To accept their invitation would be to open the door to a heretofore unavailable defense—that offering a thing of value to a public official with the intent of influencing an official act (*i.e.*, a bribe) somehow "reflects routine business practices common throughout the private sector" that can be excused and explained away by a defendant claiming that, notwithstanding their intent to enter into a *quid pro quo*, they "genuinely believed their conduct was proper, standard business practice, or subject to appropriate oversight[.]" ECF No. 195 at 10; *see also id.* at 18-19 (suggesting that, under their theory of requiring two separate and distinct states of mind, offering a public official a thing of value with the intent of influencing an official act could be excused as "routine interactions between officials and private parties" and "legitimate business relationships"). Notably, this Court already rejected a similar invitation in the Burke trial to impose a heightened *mens rea* requirement as to "corruptly" under the § 201(b) bribery statute. *See* 05/13/2025 PM Trial Tr. at 76:13 – 77:1.

      Kim and Messenger also miscast the government's position as somehow "prevent[ing] Defendants from offering evidence that they lacked criminal intent[.]" ECF No. 195 at 1. To the contrary, Kim and Messenger are welcome to introduce as much evidence as they can muster to convince the jury that, in offering Burke a job, they did not "inten[d] to influence any official act[.]" 18 U.S.C. § 201(b)(1)(A). What they cannot do is take the next step in advancing the defense they obviously hope to present at trial—that, even in the event the government proves that Kim and Messenger intentionally entered into a *quid pro quo* with Burke, they should nonetheless

be acquitted because they thought it was ok to do so.  Along the same lines, Kim and Messenger contend that the government's Motion *In Limine* in inconsistent with its position that the term "corruptly" in the bribery statute means "having an improper, wrongful motive or purpose."  ECF No. 195 at 1-2.  To the contrary, the government believes now, just as it always has, that the "improper, wrongful motive or purpose" that must be proved is that Kim and Messenger offered Burke a job *intending* to influence him in awarding a government contract to Company A.

That this is Kim and Messenger's planned defense at trial is further underscored by their continued exhortation to the Court that it should "modif[y]" the jury instruction on bribery to "specify that the charge has two separate statutory *mens rea* requirements" and to define "corruptly" to mean "to act with consciousness of wrongdoing."  *Id.* at 2 n.1.  The Court should decline Kim and Messenger's invitation to instruct the jury as to a second, heightened *mens rea* requirement that the defendants must have possessed a consciousness of wrongdoing separate and apart from intending to offer a bribe in exchange for an official act for the reasons stated herein, in the government's Motion *In Limine*, ECF No. 177 at 9-16, and in the government's Reply to Defendants Kim and Messenger's Objection to the Joint Proposed Jury Instructions, ECF No. 129. The Court should also reject Kim and Messenger's proposal for reasons that they themselves have previously acknowledged—that "[a]s a practical matter, the Court's determination of this issue with respect to Defendant Burke's trial likely will be dispositive of the issue for Defendants Kim and Messenger's trial, too[,]" ECF No. 115 at 1, and that "it would be untenable for this Court to give different instructions on the same issue [the definition of 'corruptly'] in the two trials[,]" ECF No. 135 at 6 n.2.

Instead, the Court should give the same instruction in this trial as it gave in Burke's trial— that "[t]he term 'corruptly' … means having an improper, wrongful motive or purpose."  ECF No.

6

130 at 34. The government further proposes that the Court, consistent with the instructions in Burke, instruct that "[t]he motive to act corruptly is ordinarily a hope or an expectation of either prohibited financial gain or other benefit to oneself or some prohibited profit or benefit to another." *Id.* Finally, the government proposes that the Court modify the final part of its instruction defining "corruptly" to account for the fact that Kim and Messenger are charged under § 201(b)(1) as the bribe payors, whereas Burke was charged under § 201(b)(2) as the bribe recipient. To that end, the Court should replace the final part of the instruction, stating "[a] public official acts corruptly if the public official demands, seeks, receives, accepts, or agrees to accept something of value with the understanding, at least in part, that, in exchange, the public official is expected to be influenced in the performance of an official act[,]" *id.*, with "a person acts corruptly if they give, offer, or promise something of value to a public official with the intent to influence an official act."[3]

---

[3] The Court is in good company with this instruction. While there is no pattern jury instruction for the D.C. Circuit, several United States Circuit Courts have reached the same conclusion, blessing similar pattern instructions defining corruptly in just the manner the Court already has. *See* for example:

- Third Circuit Pattern Criminal Jury Instruction 6.18.201B1 ("Bribery of a Public Official (18 U.S.C. § 201(b)(1))") at 2 (requiring proof that the defendant "did so corruptly with the intent to influence an official act, that is, [the defendant] intended to give (specify thing of value) in exchange for an official act"), available at https://www.ca3.uscourts.gov/sites/ca3/files/2021%20Chap%206%20Bribery%20revisions%20final.pdf;

- Seventh Circuit Pattern Criminal Jury Instruction for § 201(b)(1)(A) ("Giving a Bribe – Elements") at 220 (including the element that "[t]he defendant acted corruptly," adding that "[a] person acts corruptly when that person acts with the intent that something of value is given, offered, or promised to influence the public official in the performance of any official act."), available at https://www.ca7.uscourts.gov/assets/pdf/Criminal_Jury_Instructions.pdf;

- Eighth Circuit Pattern Criminal Jury Instruction 6.18.201A ("Bribery of a Public Official (18 U.S.C. § 201(b)(1))") at 193 (requiring proof that "the defendant did this act corruptly, that is, with intent to [influence] [induce] (name of official . . . ) (describe the official action . . . to be influenced or induced . . .); *see also id*. at Note 4 ("the element of 'corruptly' is adequately defined by setting out the required intent"), available at

### III. CONCLUSION

First, the Court should take this opportunity to resolve as many potential evidentiary issues between the parties as possible prior to the commencement of trial. Kim and Messenger offer no justification to delay issuing such an order which would also be consistent with the approach in the Burke trial.

Second, for the reasons argued above and in the government's Motion *In Limine*, ECF No. 177, to act "corruptly" in the context of 18 U.S.C. § 201(b)(1) bribery means to act with an "improper, wrongful motive or purpose," which in turn is satisfied by evidence that a defendant gives, offers, or promises something of value to a public official with the intent to influence an official act. There is no legal precedent or other authority that imposes a second, separate and distinct, heightened *mens rea* requirement obligating the government to also prove that a defendant who, having intentionally entered into a prohibited *quid pro quo* with a public official, was "aware

---

https://www.ca8.uscourts.gov/sites/ca8/files/2021%20Edition-Criminal%20Jury%20Instructions.pdf; and

- Ninth Circuit Pattern Criminal Jury Instruction 10.2 ("Bribery of Federal Public Official (18 U.S.C. § 201(b)(1))") at 192 (requiring proof that "the defendant acted corruptly, that is, with the intent to [influence an official act by the [name of federal public official] [influence the [name of federal public official] to . . . [induce the [name of federal public official] to do or to omit to do an act in violation of [his] [her] lawful duty]," available at https://www.ce9.uscourts.gov/jury-instructions/sites/default/files/WPD/Criminal_Instructions_2022_3.pdf.

And in Circuits without such pattern language, the same principle—defining "corruptly" as the intent to exchange the thing of value to influence the public official—still applies. *See*, *e.g.*, *United States v. Ng Lap Seng*, 934 F.3d 110, 143-44 (2d Cir. 2019) (a "public official acts corruptly, whenever he 'accept[s] or demand[s] a personal benefit intending to be improperly influenced in [his] official duties'") (citing *United States v. Rooney*, 37 F.3d 847, 853 (2nd Cir. 1994) (brackets and emphasis in original)); *United v. Johnson*, 621 F.2d 1073, 1076 (10th Cir. 1980) ("the government must show that the money was knowingly offered to an official with the intent and expectation that, in exchange for the money, some act of a public official would be influenced"; that is, "[t]he money must be offered, in other words, with the intent and design to influence official action in exchange for the donation").

his actions [bribing a public official] were wrong[.]" ECF No. 195 at 15. The government's Motion *In Limine* should be granted.

                                            Respectfully submitted,

                                            JEANINE FERRIS PERRO
                                            UNITED STATES ATTORNEY

By       /s/
                                            Rebecca G. Ross (NY Bar No. 5590666)
                                            Brian P. Kelly (DC Bar No. 983689)
                                            Joshua S. Rothstein (NY Bar No. 4453759)
                                            Assistant United States Attorneys
                                            601 D Street NW
                                            Washington, DC 20530
                                            Office: (202) 252-4490