**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No. 24-CR-265 (2)(3) (TNM)** |
| v. | : | |
| | : | |
| **YONGCHUL "CHARLIE" KIM, and** | : | |
| **MEGHAN MESSENGER,** | : | |
| | : | |
| Defendants. | : | |

**UNITED STATES' NOTICE OF POTENTIAL CONFLICT**
**REQUIRING DISQUALIFICATION OF COUNSEL**
<u>**AND REQUEST FOR CONFLICT OF INTEREST INQUIRY**</u>





The government is prepared for the trial to begin on Monday, but it must abide by its ethical obligation to ensure that the case is tried by conflict-free counsel, and the ultimate verdict is inviolable.[1]    Therefore, the government respectfully requests that there be an inquiry into █████ ████████████████████████████████ and that the Court determine (1) whether there is a conflict, and (2) if there is a conflict, whether ████████████████ must be disqualified.

**BACKGROUND**











## APPLICABLE LAW

### A.  Conflicts of Interest Generally

While the right to counsel may be absolute, "there is no absolute right to counsel of one's own choice." *United States v. McCutcheon*, 86 F.3d 187, 189 (11th Cir. 1996).   The need for fair, efficient, and orderly administration of justice overcomes the right to counsel of choice where an attorney has an actual conflict of interest, and when an actual conflict of interest exists, the client is denied effective assistance of counsel and the attorney may be disqualified.   *United States v. Martinez*, 630 F.2d 361, 362 (5th Cir.1980), cert. denied, 450 U.S. 922 (1981).   Likewise, a potential conflict may suffice for disqualification.   *Wheat v. United States*, 486 U.S. 153, 164 (1987) ("a showing of a serious potential for conflict" overcomes presumption in favor of defendant's counsel of choice).   The rules of professional conduct for the jurisdiction where an attorney is barred will govern any conflict or disqualification analysis.

Under the D.C. Rules of Professional Conduct, generally, "a lawyer shall not represent a client with respect to a matter if . . . such representation will be or is likely to be adversely affected by representation of another client."    Rule 1.7(b)(2).   This rule is rooted in the premise that "(1) that a client is entitled to wholehearted and zealous representation of its interests, and (2) that the client as well as the lawyer must have the opportunity to judge and be satisfied that such representation can be provided."   *See* D.C. Rules of Prof'l Conduct R. 1.7 cmt. [7].   In addition

to the lawyer's subjective belief that they can provide wholehearted and zealous representation of their client, "if an objective observer would have any reasonable doubt on that issue, the client has a right to disclosure of all relevant considerations and the opportunity to be the judge of its own interests." *Id.* Several specific duties imposed by the Rules inform the analysis about whether such a conflict exists.

### A. Duty of Confidentiality (D.C. Rule of Professional Conduct 1.6)

A lawyer's duty of confidentiality is the cornerstone of the attorney-client relationship. With limited exceptions, the D. C. Rules of Professional Conduct provide that a lawyer "shall not knowingly (1) reveal a confidence or secret of the lawyer's client; (2) use a confidence or secret of the lawyer's client to the disadvantage of the client; or (3) use a confidence or secret of the lawyer's client for the advantage of the lawyer or of a third person."[4] The duty of confidentiality is much broader than simply that which is protected by the attorney-client privilege and extends to virtually everything that a lawyer learns in the course of representing a client, even if the information is publicly available. D.C. Rule of Prof'l Conduct 1.6. It is this principle of confidentiality that underpins the attorney-client privilege and the work product doctrine. D.C. Rule of Prof'l Conduct Rule 1.6, Comment [6].[5]

---

[4] As used in this rule, "confidence" is defined as "information protected by the attorney-client privilege under applicable law . . ." and "secret" is defined as "other information gained in the professional relationship that the client has requested be held inviolate, or the disclosure of which would be embarrassing, or would be likely to be detrimental, to the client." D.C. Rule of Prof'l Conduct R. 1.6(b).

[5] Comment [6] to D.C. Rule 1.6 states, in pertinent part:

> The principle of confidentiality is given effect in two related bodies of law: the attorney-client privilege and the work product doctrine in the law of evidence and the rule of confidentiality established in professional ethics. The attorney-client privilege and the work product doctrine apply in judicial and other proceedings in

The rule of confidentiality applies:

> not merely to matters communicated in confidence by the client (i.e., confidences) but also to *all information gained in the course of the professional relationship* that the client has requested be held inviolate . . . this ethical precept, unlike the evidentiary privilege, exists without regard to the nature or source of the information or the fact that others share the knowledge. It reflects not only the principles underlying the attorney-client privilege, but the lawyer's duty of loyalty to the client.

D.C. Rule of Prof'l Conduct R. 1.6, Comment [8] (emphasis added). Additionally, the duty of confidentiality applies even after the termination of the lawyer's employment. *See* D.C. Rule of Prof'l Conduct R. 1.6(g) ("The lawyer's obligation to preserve the client's confidences and secrets continues after termination of the lawyer's employment."). A lawyer may use or reveal client confidences or secrets when the client has provided informed consent to that disclosure. *See* D.C. Rule of Prof'l Conduct R. 1.6(e).

There is no exception to Rule 1.6 for information that eventually becomes public. The fact that some information eventually becomes public through legal proceedings does not lessen a lawyer's duty of confidentiality to the client. *See* American Bar Association Formal Opinion 480; Legal Ethics, Law. Deskbk. Prof. Resp. 1.6-1 (2024-2025 ed.).

---

which a lawyer may be called as a witness or otherwise required to produce evidence concerning a client. This rule is not intended to govern or affect judicial application of the attorney-client privilege or work product doctrine. The privilege and doctrine were developed to promote compliance with law and fairness in litigation. In reliance on the attorney-client privilege, clients are entitled to expect that communications within the scope of the privilege will be protected against compelled disclosure.

D.C. Rule of Prof'l Conduct R. 1.6 cmt. [3].

### B. Successive Government and Private Employment (D.C. Rule of Professional Conduct 1.11)

The duty of confidentiality in D.C. Rule 1.6 informs the analysis under D.C. Rule 1.11(a), which governs conflicts arising from successive government and private employment.   This rule provides:

> A lawyer shall not accept other employment in connection with a matter which is the same as, or substantially related to, a matter in which the lawyer participated personally and substantially as a public officer or employee. Such participation includes acting on the merits of a matter in a judicial or other adjudicative capacity.

D.C. Rule of Prof'l Conduct R. 1.11(a).   This rule forbids attorneys from accepting other employment in connection with matters that are substantially related to matters in which they participated personally and substantially while serving as public officers or employees.   D.C. Rule of Prof'l Conduct R. 1.11 cmt. [4].   For the purpose of the Rule, matters are substantially related if "there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter."   D.C. Rule Prof'l Conduct R. 1.9 cmt. [3]; *see also Brown v. District of Columbia Bd. Of Zoning Adjustment*, 486 A.2d 37, 49-50 (D.C. 1984) (concluding that transactions were "substantially related" for purposes of a conflict of interest where "a reasonable person could infer that the government attorney may have had access to information legally relevant to, or otherwise useful in, the subsequent representation").

Where an attorney has a conflict under Rule 1.11(a) and is required to withdraw from representation, then that conflict is imputed to his firm.   D.C. Rule of Prof Conduct R. 1.11(b) ("If a lawyer is required to decline or to withdraw from employment under paragraph (a) on account of a personal and substantial participation in a matter, no partner or associate of that

lawyer, or lawyer with an of counsel relationship to that lawyer, may knowingly accept or continue

such employment [except for limited exceptions related to screening and notification].").[6]

### C.  Waiver of Conflicts (D.C. Rule of Professional Conduct 1.7(b)(2))

Notwithstanding a conflict under D.C. Rule 1.7(b)(2), a client can consent to the conflict

if the following conditions provided in D.C. Rule 1.7(c) are met:

> (1)  Each potentially affected client provides informed consent to such
> representation after full disclosure of the existence and nature of the possible
> conflict and the possible adverse consequences of such representation; and
>
> (2) The lawyer reasonably believes that the lawyer will be able to provide
> competent and diligent representation to each affected client.

D.C. Rules of Prof'l Conduct R. 1.7(c).

Informed consent, as defined in D.C. Rule 1.0(e) "denotes the agreement by a person to a

proposed course of conduct after the lawyer has communicated adequate information and

explanation about the material risks of and reasonably available alternatives to the proposed course

of conduct."   As comment [27] to Rule 1.7 explains, "[a]dequate disclosure requires such

disclosure of the parties and their interests and positions as to enable each potential client to make

a fully informed decision as to whether to proceed with the contemplated representation. If a

lawyer's obligation to one or another client or to others or some other consideration precludes

---

[6] Relatedly, Rule 1.9(a) provides that "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent."   The definition of "substantially related" is the same as in the context of Rule 1.11.   D.C. Rule Prof'l Conduct R. 1.9 cmt. [3].

making such full disclosure to all affected parties, that fact alone precludes undertaking the representation at issue." D.C. Rule of Prof'l Conduct R. 1.7 cmt. [27].

**ARGUMENT**







**CONCLUSION**



The government's ethical obligations require that it bring this matter to the Court's attention.

Therefore, the government respectfully requests that there be an inquiry into ███████ ████████████████████, and that the Court determine (1) whether there is a conflict, and (2) if there is a conflict, whether ███████████████████ be disqualified.

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By     <u>     /s/          </u>
Rebecca G. Ross (NY Bar No. 5590666)
Brian P. Kelly (DC Bar No. 983689)
Joshua S. Rothstein (NY Bar. No. 4453759)
Sarah Santiago (GA Bar No. 724304)
Sarah Ranney (NY Bar No. 5050919)
Assistant United States Attorneys
601 D Street NW
Washington, DC 20530
Office: (202) 252-4490