UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>YONGCHUL "CHARLIE" KIM, and<br>MEGHAN MESSENGER,<br><br>Defendants. | Case No. 1:24-cr-00265-TNM |

**YONGCHUL "CHARLIE" KIM'S AND MEGHAN MESSENGER'S
MOTION *IN LIMINE* TO PRECLUDE EVIDENCE**

## PRELIMINARY STATEMENT

Meghan Messenger and Charlie Kim *move in limine* regarding certain excerpts of text messages in GX 161-A through GX 161-O. Of the 15 separately marked excerpts, Ms. Messenger and Mr. Kim move to exclude GX 161-O, -E and -L pursuant to Rule 403. Ms. Messenger and Mr. Kim move to supplement GX 161-A, -B, -D, and -K pursuant to Rule 106.

## I.     **LEGAL STANDARD**

Federal Rule of Evidence 403 governs the exclusion of relevant evidence "if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." In applying Rule 403, "the Court must first assess whether the prejudice is 'unfair,' that is, whether it has a tendency to 'lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.'" *United States v. Williams*, 271 F.R.D. 1, 2 (D.D.C. 2010) (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)). "Second, the Court must determine whether the danger of 'unfair prejudice' substantially outweighs the probative value of the evidence." *Id*. (referencing *United States v. Orenuga*, 430 F.3d 1158, 1165 (D.C. Cir. 2005)). As part of the Rule 403 inquiry, courts "focus[] on the elements of the claims, and will not allow protracted engagement with the underlying facts [surrounding the challenged evidence] beyond what is relevant to and probative of the elements of the claims at issue." *Amobi v. Brown*, 317 F. Supp. 3d 29, 33 (D.D.C. 2018).

Furthermore, Federal Rule of Evidence 106, known colloquially as the "rule of completeness," provides that "[i]f a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time." "Under the rule of completeness, which is contained in Federal Rule of Evidence 106, where substantial parts of a prior statement are used"

1

in the examination of a witness, "fairness dictates that the balance be received so that the jury will not be misled." *United States v. Washington*, 12 F.3d 1128, 1137 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 828 (1994). Statements proposed by a party "need not be accompanied by the documents in their entirety, but must be viewed by the jury as part of complete factual proffers rather than in isolation such that they jury will not be confused or misled." *United States v. Brown*, 503 F. Supp. 2d 226, 229 (D.D.C. 2007).

"The principle underlying the rule of completeness is fairness." *Henderson v. United States*, 632 A.2d 419, 426 (D.C. 1993) (cleaned up). "[I]n a criminal case, the usual fairness concerns about partial admission of a defendant's statement are amplified by constitutional considerations. The rule of completeness must be applied to ensure that a defendant is not forced to choose between allowing his or her statement to stand distorted as a result of selective introduction and abandoning his or her Fifth Amendment right not to testify in order to clarify that statement." *Id.*

## II.  ARGUMENT

The government marked certain excerpted text messages between Meghan Messenger and Charlie Kim in GX 161-A through GX 161-O. We attach the relevant text messages where we seek to preclude and/or supplement; where we seek to supplement, we attach the complete text exchanges between Ms. Messenger and Mr. Kim, identify the government's excerpts in a red solid box, and highlight the additional context that should be added.

GX 161-O annexed hereto as Exhibit 1, should be excluded pursuant to Rule 403, or alternatively supplemented to explain the context. GX 161-O is a message from Ms. Messenger stating: "feeling sad and sorry about today just hard s---" at 10:53 pm UTC. We highlight the text exchanges for the real reasons why Ms. Messenger was feeling sad and sorry about that day. First, immediately after the government's excerpt, which was also at 10:53 pm UTC, Ms. Messenger

2

stated: "B came home with 2-inch splinter in his a-- sat with 2 hours after recess." Ms. Messenger was "feeling sad" and sorry about today" because her ten-year old son Brendan suffered with a 2-inch splinter at school and sat for hours through recess without asking for any help. Her son has a long history of not saying anything when he's ill or suffering.  Second, Ms. Messenger had a mammogram and ultrasound earlier that day and explains that at 1:43 pm UTC and 2:07 pm UTC.

GX 161-A annexed hereto as Exhibit 2, excerpts are from 10/4/2022 in the evening.  (They are dated 10/5/2022 at 12:54 am UTC.)  The government's excerpt is misleading by leaving out what Ms. Messenger and Mr. Kim say to each other before the excerpts from 10/5/2022 10:27 am UTC to 10/5/2022 12:48 am UTC and then after the excerpts from 10/5/2022 1:40 am UTC to 10/5/2022 1:41 am UTC.  What upset Ms. Messenger was that her 13-year-old son was not doing well in school, and she screamed at her son—threatening to remove him from school—if he did not focus on schoolwork.  Ms. Messenger was also upset that her son's English teacher in school was not treating her son appropriately.   Notably, we are not seeking to preclude or supplement the excerpts from 10/5/2022 3:49 am UTC through 10/5/2022 12:08 pm UTC.

GX 161-B annexed hereto as Exhibit 3, excerpts are misleading because they leave the subsequent discussion in the minutes thereafter which demonstrate that the anxiety about the business relates to COVID.

GX 161-D annexed hereto as Exhibit 4, excerpts from 11/10/2022 4:15 am to 4:31 am UTC are missing the prior texts from 3:48 am UTC to 4:14 am UTC.  The prior texts demonstrate that Ms. Messenger and Mr. Kim were missing what office life was like before COVID.

GX 161-E should be excluded because it has no relevance.  Ms. Messenger and Mr. Kim were talking about personnel other than Admiral Burke.  Including this commentary has a

3

significant danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time.

GX 161-K annexed hereto as Exhibit 5, should include one omitted text at 1/3/2023 5:45 pm UTC as it is a continuation of the prior excerpt at the same time.

GX 161-L should be excluded. These three text messages reflect a discussion of when to disclose Admiral Burke's departure to the company's investors. The timing of disclosure is not relevant. The lack of probative value is also outweighed by the substantial danger of unfair prejudice, confusion of the issues, misleading the jury, and undue delay.

## CONCLUSION

This Court should preclude certain government exhibits pursuant to Rule 403, and others should be supplemented pursuant to Rule 103.

Respectfully submitted,

DATED August 21, 2025                         /s/ *Reed Brodsky*
                                              Reed Brodsky

Reed Brodsky (*pro hac vice*)                 William A. Burck (DC Bar No. 979677)
GIBSON, DUNN & CRUTCHER LLP                   Avi Perry (DC Bar No. 90023480)
200 Park Avenue                               John (Fritz) Scanlon (DC Bar No. 983169)
New York, New York 10166                      Rachel G. Frank (DC Bar No. 1659649)
Work: (212) 351-5334                          QUINN EMANUEL URQUHART & SULLIVAN, LLP
Mobile: (917) 574-8200                        1300 I Street NW, Suite 900
rbrodsky@gibsondunn.com                       Washington, D.C.  20005
                                              Tel: (202) 538-8000
*Counsel for Defendant Meghan*                Fax: (202) 538-8100
*Messenger*                                   williamburck@quinnemanuel.com
                                              aviperry@quinnemanuel.com
                                              fritzscanlon@quinnemanuel.com
                                              rachelfrank@quinnemanuel.com

                                              Christopher Clore (*pro hac vice*)
                                              QUINN EMANUEL URQUHART & SULLIVAN, LLP
                                              295 5th Avenue
                                              New York, NY 10016
                                              Tel: (212) 849-7000
                                              Fax: (212) 849-8100
                                              christopherclore@quinnemanuel.com

                                              *Counsel for Defendant Yongchul "Charlie" Kim*

5

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this date, a copy of the foregoing motion was electronically filed with the Clerk of the U.S. District Court for the District of Columbia via CM/ECF and served to all counsel of record via electronic mail.

                                          */s/ Reed Brodsky*
                                        Reed Brodsky (*pro hac vice*)

Dated: August 21, 2025