UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 24-CR-265 (2)(3) (TNM) |
| v. : | |
| : | |
| YONGCHUL "CHARLIE" KIM, and : | |
| MEGHAN MESSENGER, : | |
| : | |
| Defendants. : | |

**UNITED STATES' REPLY ON MOTION IN LIMINE TO PRECLUDE
DEFENDANTS FROM INADMISSIBLE EVIDENCE AND ARGUMENT
ABOUT ATTORNEY INVOLVEMENT**

Defendants Yongchul "Charlie" Kim and Meghan Messenger ("Defendants") opposed the government's Motion *in Limine* to Preclude Inadmissible Evidence and Argument of Attorney Involvement ("Government's Motion in Limine"), ECF 288, by emphasizing how important this impermissible evidence and argument is to their case, ECF 290 at 6 ("The evidence is essential to Defendants' defense and highly probative."). Making clear they do *not* intend to waive privilege nor pursue an advice-of-counsel defense, Defendants clarified that they only seek to admit DX 434 (which has no redactions), and that they will only offer DX 442R, DX 444R, and DX 621R should one or both of the Defendants testify.[1]  But for several reasons, this does not solve the problem. *First*, Defendants' insistence on the mention of attorneys in this evidence shows that they are trying to impermissibly mislead and confuse the jury to believing that Defendants' course of action was

---

[1] For the reasons stated in the government's motion *in limine*, the DX 442R, DX 444R, and DX621R, these redacted exhibits attempt to impermissibly selectively insert attorney communications without allowing evidence on the subject matter of the communications.  As Defendants' filing points out, this may be dealt with if and when either of Defendants takes the stand and any of the exhibits are offered into evidence.

1

blessed by lawyers. *Second*, courts considering Defendants' "presence of attorneys" argument have excluded evidence of attorney involvement under Rule 403. Defendants may not back-door a defense of counsel defense in through forward of an email to two attorneys. The government requests an order that: (a) any reference to attorney involvement in DX 434 be redacted, (b) witness testimony may not be elicited on that point, and (c) argument that Defendants "told their lawyers" based on DX 434 be precluded.

> **A. Defendants want to offer this evidence so that they can mislead the jury into thinking they believed their attorneys would review their plan and stop them if it was illegal.**

There is little probative value to Defendants forwarding the email to two more people. Defendants list several other categories (one apparently included 60+ investors) for the proposition from Defendant Messenger's counsel's opening statement that Defendants "told the world." Without the denotation that these two are attorneys, this evidence is cumulative and offers little to change the quantum of proof.

But for several reasons, this evidence of little probative value is extremely prejudicial. *First*, Defendants rejected the government's proposal to refer to these two individuals as "partners" and make no further reference to Defendants "telling their lawyers." In other words, they *want* the jury to draw implications from the fact that these two were lawyers. This sows confusion, because the email clearly says that it is being forwarded in their capacity as "partners" but Defendants have made (and clearly intend to make) arguments that it was forwarded in their capacity as lawyers

*Second*, layperson jurors know that you cannot come to court and say "my parents said this was ok" or "my investors said this was ok," but that you *can* go to court and say "I did this on my attorney's advice." In other words, it's common sense that if you go to a lawyer and clear your

2

plans with them, that can give you cover in the future because you can point to your lawyer's advice. Defendants are attempting to use DX 434 to take advantage of precisely this lay notion, but the jury will be without the full story of what any lawyers were told or asked, and without jury instructions about how they should consider these important notions.[2] Given the general lay understanding of the involvement of attorneys, it is unduly prejudicial to insert the involvement of attorneys without raising a reliance defense. *United States v. Rangott*, No. 23 CR. 004 (JHR), 2024 WL 3488038, at *3 (S.D.N.Y. July 19, 2024) (rejecting an attempt by defendant to include evidence of attorney involvement, without raising a reliance defense, where "[a] lay jury could easily believe that the fact that a lawyer [reviewed the December 2021 letter] means that he or she must have implicitly or explicitly 'blessed' the legality of all aspects of" the letter and surrounding circumstances.").

The probative value of the two individuals being lawyers is substantially outweighed by the danger of undue prejudice and must be excluded both in evidence and argument. *Rangott*, 2024 WL 3488038, at *3. ("Accordingly, "any probative value of such references [to Law Firm-1's involvement] would be substantially outweighed by the danger of undue prejudice to the [Government], ... and the risk that such references would sow confusion and mislead the jury by suggesting that [Law Firm-1], fully informed of [the facts and circumstances prompting the HHS OIG investigation], [and] approved" the communication in question.").

---

[2] That's why, as set forth in the government's motion *in limine*, there is a legal procedure for this and an entire body of law about how it works. ECF 288 at 10-11 (discussing the advice of counsel defense, and preclusion against using the attorney-client privilege as a sword and a shield).

### B. Courts routinely exclude the exact type of evidence Defendants are seeking to admit.

Defendants' filing repeatedly contends that Defendant's forward in DX 434 is not seeking legal advice (and this is the reason the message is not redacted). *See, e.g.*, ECF 290 at 2, 3, 5. Indeed, this appears to be why Defendants did not assert any privilege over this portion of the email chain. Defendants argue that they may be permitted to admit evidence and argument on the attorneys' "presence" as evidence of their good faith. ECF at 3-4. But that is not the case.

Courts presented with analogous circumstances as here—where the defense is pointing to the presence of lawyers specifically—have squarely rejected the Defendants' reasoning as attempting to use the presence of counsel to backdoor an advice-of-counsel defense without waiving privilege (nor meeting the strictures of such a defense).

For example, before excluding (under Fed. R. Evid. 403) a series of defense references to the presence of attorneys during aspects of the conduct at issue, one District Court recently summarized:

> Although evidence of the presence of attorneys can be probative of a defendant's state of mind, it on occasion can pose a substantial risk of misleading the jury. ***Specifically, such evidence risks suggesting to the jury that, because lawyers were involved to some degree with one aspect of events, the defendant was entitled to conclude that he was acting within the law with respect to some other aspect of events***. As Judge Forrest explained in *S.E.C. v. Tourre*, a "jury could easily believe that the fact that a lawyer is present at a meeting means that he or she must have implicitly or explicitly 'blessed' the legality of *all* aspects of a transaction." [950 F.Supp.2d 666, 684 (S.D.N.Y. 2013).] Such a misunderstanding would unfairly prejudice the government because it would "give the defendant all of the essential benefits of an advice of counsel defense without having to bear the burden of proving any of the elements of the defense." [*Id.*]

*United States v. Bankman-Fried*, No. S5 22-CR-0673 (LAK), 2024 WL 477043, at *3 (S.D.N.Y. Feb. 7, 2024) (footnotes, citations omitted) (emphasis added).

Following similar reasoning, another District Court excluded such evidence, expounding:

4

> The concerns set forth above [in *Tourre* and *Bankman-Fried*] are "squarely implicated here," … , where Rangott is not purporting to assert a presence-of-counsel defense—nor could he. Among other unsatisfied requirements of such a defense, Rangott does not claim that he "fully and honestly laid all the facts before his counsel," Colasuonno, 697 F.3d 164[,] 181 [(2d Cir. 2012)], including the "less-than-arm's-length dealing by Lieberman that is at the heart of Rangott's [alleged] false statements and obstruction," ECF No. 378 at 2. Accordingly, "any probative value of such references [to Law Firm-1's involvement] would be substantially outweighed by the danger of undue prejudice to the [Government], ... and the risk that such references would sow confusion and mislead the jury by suggesting that [Law Firm-1], fully informed of [the facts and circumstances prompting the HHS OIG investigation], approved" the December 2021 letter with that information in hand. *Lek Sec. Corp.*, 2019 WL 5703944, at *4; *see*, *e.g.*, *Tourre*, 950 F. Supp. 2d at 684 ("In light of the [fact] ... that [defendant] does not claim that he ever provided all of the relevant information to counsel, ... it would be irrelevant, misleading, or both to emphasi[ze] the presence of counsel.").

*United States v. Rangott*, No. 23 CR. 004 (JHR), 2024 WL 3488038, at *3 (S.D.N.Y. July 19, 2024). In *Rangott*, despite the defendant's

> attempts to characterize or label his argument [as only evidence of good intent, not advice of counsel], its practical effect is indistinguishable from a presence-of-counsel defense: "A lay jury could easily believe that the fact that a lawyer [reviewed the December 2021 letter] means that he or she must have implicitly or explicitly 'blessed' the legality of all aspects of" the letter and surrounding circumstances. *Cf. Tourre*, 950 F. Supp. 2d at 683-84 (rejecting defendant's claim that "while he d[id] not intend to pursue an advice of counsel defense, he d[id] intend to argue that .... the presence of lawyers [wa]s relevant to the overall context of the transaction," reasoning that this constituted "such a fine-grained distinction from a reliance on counsel defense, that it would likely confuse the jury").

*Rangott*, No. 23 CR. 004 (JHR), 2024 WL 3488038, at *3 (S.D.N.Y. July 19, 2024); *see also*, *e.g.*, *Sec. & Exch. Comm'n v. Davenport*, No. 8:21-CV-01427-PD, 2024 WL 4452865, at *1 (C.D. Cal. Sept. 4, 2024) (excluding proposed evidence; "the Court ruled that since Defendants had conceded they were not asserting an advice-of-counsel defense in this case, they could not assert a 'back door' advice or presence of counsel defense and thereby obtain the essential benefit of that defense without having to bear the burden of proving the elements of the defense"); *Sec. & Exch. Comm'n v. Kokesh*, No. 09-CV-1021 SMV/LAM, 2014 WL 11516545, at *3 (D.N.M. July 21, 2014)

(excluding evidence about hiring of lawyers and accountants; "Although Defendant would like to present such evidence to show that he was not aware of any wrongdoing, the evidence's probative value is outweighed by the danger that the jury will be misled and confused. Such evidence is likely to be misinterpreted by a lay jury as implicit or explicit 'blessings' of the legality and adequacy of all aspects of the transactions at issue. This misunderstanding would give Defendant all of the essential benefits of an advice-of-counsel defense without his having to bear the burden of proving any of the elements of the defense.").

## CONCLUSION

For the foregoing reasons, given the defense's declining to pursue an advice-of-counsel defense, nor to waive privilege (as is their right), the government requests an order that(a) any reference to attorney involvement in DX 434 be redacted, (b) witness testimony may not be elicited on that point, and (c) argument that Defendants "told their lawyers" based on DX 434 be precluded.

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By     /s/
Rebecca G. Ross (NY Bar No. 5590666)
Brian P. Kelly (DC Bar No. 983689)
Joshua S. Rothstein (NY Bar. No. 4453759)
Sarah Santiago (GA Bar No. 724304)
Sarah Ranney (NY Bar No. 5050919)
Assistant United States Attorneys
601 D Street NW
Washington, DC 20530
Office: (202) 252-4490