UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>YONGCHUL "CHARLIE" KIM, and<br>MEGHAN MESSENGER,<br><br>Defendants. | Case No. 1:24-cr-00265-TNM |

**YONGCHUL "CHARLIE" KIM'S, MEGHAN MESSENGER'S
MOTION TO SET A DEADLINE BY WHICH THE GOVERNMENT MUST FILE A
SUPERSEDING INDICTMENT**

Since this Court declared a mistrial in September 2025, Meghan Messenger and Yongchul "Charlie" Kim have consistently asserted their speedy trial rights. They wanted trial as soon as possible, asking for November 2025 and the earliest date in the calendar thereafter. The government requested trial in April. This Court scheduled retrial for April 27. The government then sought further delay, based on the vacation schedule of a purportedly important trial witness, but the Court limited the adjournment to two days. Defense counsel have prepared for the trial to begin on April 29. The government has made statements in the past about a superseding indictment that would add new charges and did so recently again. Given this posture, the defendants are entitled to know, as soon as possible, whether the government will seek a superseding indictment.

Ms. Messenger and Mr. Kim therefore respectfully request that the Court order that the government file any superseding indictment by a date certain, and far enough in advance for the defendants to prepare for trial on any new indictment if necessary. Any superseding indictment would likely be met with additional motion practice.

1

I.     **Factual Background**

As the Court has heard, the Indictment stems from an investigation that began in 2022. Dkt No. 61-1 at 10 ("Th[e] investigation commenced with Witness 1's whistleblower complaint . . . in mid-2022."). The government investigated the defendants and Admiral Burke extensively. Among other steps, the government obtained search warrants of the defendants' email addresses in February 2023, of their personal electronic devices and other properties in September 2023, issued various subpoenas and conducted interviews, through 2022 through 2024. Dkt. No. 61-8 (February 2023 warrant); Dkt. No. 61-11 (September 2023 warrant); July 25, 2025 Pretrial Conf. Tr. 100:10–17 (describing the February 2023 and September 2023 search warrants). On May 30, 2024, this investigation culminated when the grand jury returned the indictment in this matter. The defendants were charged with conspiracy to commit bribery (Count One) and substantive bribery (Count Two) (the "Indictment"). Dkt. No. 1. Admiral Burke was charged in the conspiracy to commit bribery (Count One), substantive bribery (Count Three), participating in acts affecting a personal financial interest (Count Four); and concealment of material facts (Count Five).

On September 23, 2024, the Court severed the defendants' case from Admiral Burke's. Admiral Burke proceeded to trial in May 2025. The jury returned a verdict of guilty against Admiral Burke on all charges on May 19, 2025. The defendants proceeded to trial in August and September 2025. After many days of jury deliberations culminating in a deadlock, on September 11, 2025, the Court declared a mistrial. Sept. 11, 2025 Tr. at 8. ("So I'm going to declare a mistrial.").

After the mistrial, the Court held a status conference on October 9 to discuss next steps. Counsel for Ms. Messenger and Mr. Kim both made clear that their clients requested a speedy trial, with a goal for the retrial to be before the New Year. Oct. 9, 2025 Tr. at 5 ("But we've also

discussed now with Mr. Kim what his preference is, and he is looking for a speedy trial. And he is hoping to get a trial done -- retrial done this year, depending on the Court's schedule, of course, and even as early as November, if the Court was available"), 6 ("Ms. Messenger also would like a speedy trial, as early as this November or at the earliest time convenient to the Court."). Given the availability of government attorneys, and the Court's schedule, the Court scheduled the retrial to commence April 27, 2026.

On January 5, 2026, the government wrote to the Court requesting a further adjournment, based on the purported unavailability of one of its witnesses. Dkt. No. 361. The defendants objected, Dkt. No. 362, and the Court ultimately granted an adjournment of just two days, to April 29, 2026.

The government has alluded to the possibility of a superseding indictment before the trial in August. Recently, the government did so again on a call with counsel.

## II. Analysis

Under the Rules of Criminal Procedure and its inherent authority, this court is entitled to set its calendar. Fed. R. Crim. P. 57(b) ("A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district."); *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."). The Court's authority extends to ensuring that the government comply with applicable deadlines, and using that authority, courts across the country have frequently imposed deadlines by which the government must file a superseding indictment in advance of trial. *E.g. United States v. Pahlawan*, 24 Cr. 41, Dkt. No. 69 (E.D. Va. July 15, 2024) ("Any Superseding Indictment must be filed no later than August 16, 2024 to ensure that the depositions of the material witnesses can move forward as scheduled."); *United*

*States v. Burgos*, 22 Cr. 618, Dkt. No. 78 (S.D.N.Y. Aug. 17, 2023) ("Any superseding indictment must be filed by the Government no later than November 30, 2023, which is sixty days before the start of trial."); *United States v. Shoshani*, 14 Cr. 436, Dkt. No. 106 (C.D. Cal. Mar. 16, 2015) (after a status conference, holding that "[s]hould there be a lack of disposition the government is ordered to file a superseding indictment within 14 days of filing the Joint Status Report").

The Court should exercise its power to protect the defendants' right to adequate time to prepare for trial, and given the extreme length of the government's investigation. The Court should order the government to decide immediately whether it will seek a superseding indictment and, if it intends to seek a superseding indictment, to do so at the earliest date possible.[1]

---

[1] If the government actually files a superseding indictment, depending on the new allegations, the defendants may request that the Court order the government to proceed to trial on the initial indictment instead. A superseding indictment that has a material impact on its prepared defense may put the defendants between a rock and hard place, deciding whether to proceed to trial without adequate preparation, or whether to waive their constitutional and statutory rights to a speedy trial by requesting another adjournment of the long-awaited trial. In such prejudicial circumstances, defendants may be entitled to compel the government to proceed to trial only on the initial indictment rather than the superseder. *United States v. Kouri-Perez*, 47 F. Supp. 2d 166, 170 (D.P.R. 1999) ("As it is within our province to decide which indictment to proceed upon, we find that fairness and integrity compel us to proceed upon the second superseding indictment," because "[a]llowing prosecution pursuant to the third superseding indictment could subject Defendants to prejudice.").

4

Respectfully submitted,

DATED: February 6, 2026

              /s/ *Reed Brodsky*
              Reed Brodsky

| | |
|---|---|
| Reed Brodsky (*pro hac vice*)<br>Simone Rivera (*pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, New York 10166<br>Work: (212) 351-5334<br>Mobile: (917) 574-8200<br>rbrodsky@gibsondunn.com<br>srivera@gibsondunn.com<br><br>*Counsel for Defendant Meghan Messenger* | William A. Burck (DC Bar No.: 979677)<br>Avi Perry (DC Bar No.: 90023480)<br>John (Fritz) Scanlon (DC Bar No.: 983169)<br>Rachel G. Frank (DC Bar No.: 1659649)<br>Brett Raffish (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>1300 I Street NW, Suite 900<br>Washington, D.C. 20005<br>Tel: (202) 538-8000<br>Fax: (202) 538-8100<br>williamburck@quinnemanuel.com<br>aviperry@quinnemanuel.com<br>fritzscanlon@quinnemanuel.com<br>rachelfrank@quinnemanuel.com<br>brettraffish@quinnemanuel.com<br><br>Christopher Clore (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>295 5th Avenue<br>New York, NY 10016<br>Tel: (212) 849-7000<br>Fax: (212) 849-8100<br>christopherclore@quinnemanuel.com<br><br>*Counsel for Defendant Yongchul "Charlie" Kim* |